IN THE DISTRICT COURT IN AND FOR
THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.

MONICA BLOISE,

     Plaintiff,

v.

TATE & KIRLIN ASSOCIATES, INC.,

     Defendant.

_____/

## NATURE OF ACTION

1.     This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq* and the Florida Consumer Collection Practices Act, Fla. Stat. §559.72. (hereafter the "FCCPA").

## JURISDICTION AND VENUE

2.     This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.     Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## PARTIES

4.     Plaintiff, MONICA BLOISE, ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Broward, and City of Fort Lauderdale.

5.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.     Defendant, TATE & KIRLIN ASSOCIATES, INC., ("Defendant") or ("TKA") is a corporation who at all relevant times was engaged, by use of the mails and telephone, in the

business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) as well as the FCCPA.

7.    Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as well the FCCPA..

## FACTUAL ALLEGATIONS

8.    Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9.    Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10.    Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another

11.    In connection with collection of an alleged debt, Defendant, via its agent and/or employee "Lisa Brown," placed numerous telephone calls to Plaintiff's mother's residence, for purposes other than obtaining location information.

12.    In connection with collection of an alleged debt, Defendant, via its agent and/or employee "Lisa Brown," contacted Plaintiff's mother's residence and falsely represented to Plaintiff's mother that Defendant was a business partner of Plaintiff to inveigle Plaintiff's mother into letting Plaintiff communicate with Defendant.

13.    Defendant, via its agent and/or employee "Lisa Brown," contacted Plaintiff's mother's residence and falsely represented to Plaintiff's grandmother that Defendant was a

representative from Plaintiff's bank to inveigle Plaintiff's grandmother into letting Plaintiff communicate with Defendant.

14.    Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

15.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 14.

16.    Defendant violated 15 U.S.C. § 1692b by contacting a third party for purposes other than obtaining location information in connection with an attempt to collect an alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Adjudging that Defendant violated  15 U.S.C. § 1692b;

b)   Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c)   Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)   Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

17.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 14.

18.     Defendant violated 15 U.S.C. § 1692b(3) and 15 U.S.C. § 1692c(b) by communicating with a single third party more than once in connection with an attempt to collect an alleged debt from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated  15 U.S.C. § 1692b(3) and 15 U.S.C. § 1692c(b)  ;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

19.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 14.

20.     Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff..

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.


## COUNT IV
## VIOLATIONS OF THE SECTION 559.72(7) OF THE FCCPA
## AGAINST TKA

21.    Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-14 of this complaint.

22.    Defendant violated §559.72(7) of the Florida Consumer Collection Practices Act by willfully communicating with a debtor or any member of her family with such frequency as would reasonably be expected to harass the debtor or the debtor's family..

23.    As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, MONICA BLOISE, by and through her attorneys, respectfully prays for judgment as follows:

a.    All actual compensatory damages suffered;

b.    Emotional and/or mental anguish damages;

c.    Statutory damages of $1,000.00;

d.      Plaintiff's attorneys' fees and costs;

e.      Any other relief deemed appropriate by this Honorable Court.

## TRIAL BY JURY

24.      Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this ___ day of May, 2011.

Respectfully submitted,
**MONICA BLOISE**

By: s/ Alex D. Weisberg
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com